## VILLAGE OF WARREN
### v.
## JOHN W. WRIGHT.

**1.** EVIDENCE—OF POVERTY OF PLAINTIFF INADMISSIBLE.—In an action against a village corporation for damages for injuries arising from the negligence of the corporation, evidence that the plaintiff is a poor man, and of the destitution of his family, is irrelevant, and ought not to be admitted.

2. PROCEEDINGS FOR A COMPROMISE.—Evidence of a resolution by the board of trustees of the village appointing a committee to settle with the plaintiff, passed with a view to effecting a compromise, does not tend to show an admission of liability, and is not competent.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. WM. BROWN, Judge, presiding. Opinion filed February 14, 1880.

Messrs. LUKE & JONES for appellant; that it is the duty of the court to see that the verdict executes justice between the parties, cited Belden v. Innis, 84 Ill. 79; Booth v. Hynes, 54. Ill. 363.

A village is not bound to so construct its sidewalks as to secure immunity from injury to persons using them: Chicago v. McGiven, 78 Ill. 347; Rockford v. Hildebrand, 61 Ill. 155; Quincy v. Barker, 81 Ill. 300; Town of Grayville v. Whittaker, 85 Ill. 439.

To charge the corporation, it must have had knowledge or means of knowledge that the sidewalk was out of repair, and a reasonable time in which to make repair: City of Peru v. French, 55 Ill. 317; Chicago v. Scholten, 75 Ill. 468; Chicago v. McCarthy, 75 Ill. 602; Rockford v. Hildebrand, 61 Ill. 155.

Where there is no evidence, or it is insufficient to support the verdict, the judgment should be reversed: Reynolds v. Lambert, 69 Ill. 495; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; Smith v. Slocum 62 Ill. 354; Rock Island v. Vanlandschoot, 78 Ill. 485; Chicago v. McCarthy, 75 Ill. 602.

Where damages in cases of this kind are excessive, the verdict should be set aside: Chicago v. Langless, 52 Ill. 256; City of Decatur v. Fisher, 53 Ill. 407; Rock Island v. Vanlandschoot, 78 Ill. 485; Bloomington v. Goodrich, 10 Chicago Legal News, 353; C. R. I. & P. R. R. Co. v. Payzant, 87 Ill. 126.

Jurors should be free from every objection and wholly disinterested: Russell v. Hamilton, 2 Scam. 56; Robinson v. Randall, 82 Ill. 521.

Where a party presents to the judge a bill of exceptions within the time prescribed for its being filed, he has complied with the rule and is not to be prejudiced by the delay of the judge: Underwood v. Hossack, 40 Ill. 98; Roan v. Rohrer, 72 Ill. 582.

If the bill of exceptions was not filed in time, motion should be made in the court below to strike it from the record: Village of Hyde Park v. Dunham, 85 Ill. 571; Myers v. Phillips, 68 Ill. 269; Wilder v. House, 40 Ill. 92.


Messrs. D. & T. J. SHEEAN, for appellee; as to the effect of not filing bill of exceptions in time, cited Hance v. Miller, 21 Ill. 636.

Upon the liability of a village for negligence in keeping its sidewalks in repair: Bloomington v. Bay, 42 Ill. 503; Joliet v. Verley, 35 Ill. 58; Chicago v. Herz, 87 Ill. 541; Cooley on Torts 625; Schmidt v. C. & N. W. R. R. Co. 83 Ill. 405;

Where a sidewalk has been out of repair for months, notice will be presumed: Rockford v. Hildebrand, 61 Ill. 155; Springfield v. Doyle, 76 Ill. 202.

Where the injury is the result of negligence in construction no notice is necessary: Alexander v. Mt. Sterling, 71 Ill. 366.

It is not the province of an appellate court to reconcile conflicting testimony: Carrigan v. Hardy, 46 Ill. 502; Sheerman v. C. & M. R. R. Co. 48 Ill. 523; Belden v. Innis, 84 Ill. 78.

Where the evidence is conflicting, it is for the jury to determine, and their finding should not be disturbed: O'Reily v. Fitzgerald, 40 Ill. 310; McCarthy v. Mooney, 49 Ill. 247 ; Young v. Bush, 48 Ill. 42; Neustadt v. Hall, 58 Ill. 172;

Village of Warren v. Wright.

Pres. Church v. Emerson, 66 Ill. 269 ; Conn. Mut. Life Ins. Co. v. Ellis, 89 Ill 516; C. & R. I R. R. Co. v. McKean, 40 Ill. 218 ; Ill. Cent. R. R. Co. v. Gillis, 68 Ill. 317 ; Bishop v. Busse, 69 Ill. 403; Crain v. Wright, 46 Ill. 107; Wood v. The People, Hildreth, 73 Ill. 525; Holcomb v. Smith, 79 Ill. 409; Foos v. Sabin, 84 Ill. 565; Dunning v. Fitch, 66 Ill. 51; Robinson v. Parish, 62 Ill. 130; Wiggins Ferry Co. v. Higgins, 72 Ill. 517.

If substantial justice has been done, the court will not disturb the verdict, even though the evidence would justify a different result: Smith v. Shultz, 1 Scam. 491; Gillett v. Sweat, 1 Gilm. 475 ; Greenup v. Stoker, 3 Gilm. 202 ; Underhill v. Fake, 46 Ill. 50 ; Hall v. Lincoln, 46 Ill. 52 ; Evans v. Fisher, 5 Gilm. 569 ; Pullian v. Ogle, 27 Ill. 189 ; St. L. R. R. Co. v. Gilham, 39 Ill. 455 ; Stevens v. Brown, 58 Ill. 289 ; Chapman v. Burt, 77 Ill. 337.

In actions of trespass courts will seldom interfere with the verdict unless it appears to have been actuated by passion or prejudice: Young v. Silkwood, 11 Ill. 36; Fisk v. Roseberry, 22 Ill. 288; Chicago v. Garrison, 52 Ill. 516; Plummer v. Rigdon, 78 Ill. 222; Miller v. Balthasser, 78 Ill. 202.

Where testimony is conflicting a court will not disturb the verdict though it would have been better satisfied with a different result: Bloom v. Crane, 24 Ill. 48; Scarritt v. Carruthers, 29 Ill. 487; Voltz v. Stephani, 46 Ill. 54; Varner v. Varner, 69 Ill. 445.

Unless clearly against the weight of evidence the verdict will not be disturbed: Wallace v. Wren, 32 Ill. 146; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; O'Brien v. Palmer, 49 Ill. 72; Hayes v. Houston, 86 Ill. 487; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454.

Upon the question of damages: Ill. Cent. R. R. Co. v. Simmons, 38 Ill. 242; Chicago v. Fowler, 60 Ill. 322; Galesburg v. Higley, 61 Ill. 287; Chicago v. Langlass, 66 Ill. 361; Elgin v. Renwick, 86 Ill. 500; Chicago v. Herz, 87 Ill. 541; Nor. Line Packet Co. v. Bininger, 70 Ill. 571; Ill. Cent. R. R. Co. v. Ebert, 74 Ill. 399; P. C. & St. L. R. R. Co. v. Thompson, 56 Ill. 138; Chicago v. Elzeman, 71 Ill. 131; Chicago v. Powers, 42 Ill. 169.

If there was any error in the instructions it would not be ground for reversal: H. F. & M. Co. v. Cornick, 24 Ill. 455; Hazen v. Pierson, 83 Ill. 241; Foster v. C. & A. R. R. Co. 84 Ill. 164; McConnel v. Kibbe, 33 Ill. 176; Dishon v. Schorr, 19 Ill. 59; Andes Ins. Co. v. Fish, 71 Ill. 620; Warren v. Dickson, 27 Ill. 115; Van Buskirk v. Day, 32 Ill. 260; Lodge v. Gatz, 76 Ill. 272; Lawrence v. Hagerman, 56 Ill. 68; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309.

PLEASANTS, J.   This was an action on the case for negligence by appellee against appellant to recover damages for injuries sustained by him from the falling of a sidewalk in said village over which he was passing at the time, resulting in a verdict and judgment thereon for plaintiff for $3,000 damages.

Upon a former trial he recovered the same amount, but the judgment was reversed by this court, for reasons stated in 3 Bradwell, 602.

The record now brought here is voluminous and the testimony upon material points conflicting.   Upon the evidence no doubt is entertained that the sidewalk fell with plaintiff upon it, or that he thereby sustained some injury; but whether the corporation was in such fault as to be liable for it and what was the extent of the injury he sustained, are made serious questions.

While we feel bound to express no further opinion upon the effect of the legitimate testimony relating to these points, we are constrained to reverse this judgment also, because of the admission upon the trial of what we deem improper evidence.

Thus the plaintiff was permitted to testify, in chief, against the objection of defendant, as follows: " I have a wife and one child.   My day's work is my support.   My wife did not have any means.   I had between fifty and sixty dollars at the time I was injured.   This was all my means.   We have been supported by our friends.   The town gave us some at first and friends since."

And Mr. Date, a witness on behalf of plaintiff, also in chief, and against like objection, as follows:

" I have been there at different times and seen them (plain-

tiff's family) without any wood. I brought them a basket of provisions, and they accepted it with tears and thanks. Don't remember seeing provisions brought there more than once. They were in poor circumstances."

It is impossible to say whether or how far this operated upon the mere sympathy of the jury and overbore the legal rights of the defendant. This kind of testimony in this class of cases has been repeatedly held by the Supreme Court to be irrelevant and injurious, and the error of admitting it so serious as to justify the reversal of the judgment upon a verdict on which it may have been founded. City of Chicago v. O'Brennan, 65 Ill. 163; P. Ft. W. & C. R'y Co. v. Powers, 74 Id. 343; C. & N. W. R'y Co. v. Moranda, opinion filed at September Term, 1879.

If we should affirm this judgment, there is every reason to believe that consistently with these decisions, under the circumstances of this case, the Supreme Court would reverse ours.

Furthermore, we are of opinion the Circuit Court erred in admitting the record of resolutions by the board in reference to the appointment of a committee to settle with plaintiff, and to the bills of the physician in attendance upon him. These were evidently passed with a view to compromise and under the dictates of humanity, and had no tendency to show an admission of liability on the part of the defendant. For these errors, the judgment is reversed and the cause remanded.

Judgment reversed and cause remanded.